# Richmond.

LEFEW, NEXT FRIEND, &C., v. HOOPER, TRUSTEE, AND ALS.

FEBRUARY 17th, 1887.

Absent, LEWIS, P.

1. CHANCERY PRACTICE—*Demurrer—Case at bar.*—B. deeded his real estate to trustee for benefit of his wife during her life, and, after her decease, for benefit of his own son and her two sons by former husband. After wife's decease, while B. was still alive and sound in mind, his son filed a bill to annul the deed on the ground that it had been procured by the wife's undue influence.

HELD:

     The bill asserts no valid claim, and was rightly dismissed on demurrer.

Appeal from decree of chancery court of city of Richmond, rendered June 18th, 1885, in the cause wherein John E. Butler, an infant under fourteen years of age, who sued by William E. Lefew, his next friend, was complainant, and Geo. J. Hooper, trustee, John M. Butler, Jr., Walter E. Bastine, and Olive Lee Bastine, were defendants. Decree was adverse to complainant, and an appeal was awarded him by one of the judges of this court.

Opinion states the case.

*Joseph Christian,* for the appellant.

*S. D. Davies,* for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed by John E. Butler, an infant, by his next friend, to set aside as fraudulent, a deed made by John M. Butler conveying a parcel of real estate situated in the city of Richmond, to George J. Hooper, Jr., trustee, for the benefit of his wife during her life, and at her death for the joint and equal benefit of the plaintiff and two other persons.

The plaintiff is the son of the grantor, who is still living, and the two other persons are the sons of the grantor's wife by a former marriage.

The wife having died, the trustee offered the land for sale for division and distribution of the proceeds among the three persons entitled thereto under the deed; whereupon the plaintiff, upon the ground that he is the son of the grantor, and his heir-at-law, upon the contingency of his surviving his father, and that he would inherit the land if his father did not alien the same before his death, and upon the further contingency that his father should die intestate, sought to set aside and annul the deed, as obtained from the father by undue influence of the wife, then living.

The chancery court, upon demurrer, dismissed the bill, and the son appealed.

There was no error in this decree. The son had not been, nor had any other person been, appointed committee for the father, nor had he been adjudged incompetent or insane. His title to the property is not disputed nor questioned. By the deed he conveyed what was entirely his own to a person of his own selection, for purposes designated by himself. The appellant does not assert in his bill any valid claim or property right in the property, except such as he derived by the deed he assails. If he succeeds in all he seeks, he obtains

nothing. If the deed should be set aside, the title to the property would revert to the grantor, and no right of his would be thus vindicated.

He has no claim upon the face of his bill if the prayer of his bill is granted in full; he has no right to vindicate, no wrong to be thus redressed. In other words, he asserts by his bill no valid claim; he has stated no cause of action. His bill was therefore insufficient in law, and the demurrer was properly sustained thereto.

He does not claim under the deed, but against the deed, because of some other right of which he supposes himself possessed. He has no rights concerning his father's property during his father's lifetime.

The demurrer was properly sustained, and the decree complained of was plainly right and will be affirmed.

DECREE AFFIRMED.